**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| AMERICAN CONSUMER | ) | CHAPTER 11 |
| PRODUCTS CORPORATION, | ) | |
| | ) | CASE NO. 10 - 39851 |
| | ) | |
| Debtor. | ) | Hon. Carol A. Doyle |
| _____ | ) | _____ |
| | ) | |
| AMERICAN CONSUMER | ) | |
| PRODUCTS CORPORATION, | ) | |
| ROBIN ZAHRAN | ) | |
| and KAREN ZAHRAN | ) | |
| | ) | |
| Plaintiffs | ) | Adv. No. _____ |
| | ) | |
| | ) | (removed from the Circuit Court of Cook |
| | ) | County, Illinois Case No. 10L64012) |
| | ) | |
| SUNTRUST BANK and | ) | |
| J. BARRINGTON VAUGHT | ) | |
| | ) | |
| Defendants | ) | |

**NOTICE OF REMOVAL OF SUNTRUST BANK**

SunTrust Bank ("**SunTrust**") hereby gives notice and removes this case, captioned *American Consumer Products Corporation, et al. v. SunTrust Bank, et., al.*, case number 2010 L 064012, filed in the Circuit Court of Cook County Illinois (the "**Removed Case**") to the U.S. Bankruptcy Court for the Northern District of Illinois, pursuant to 11 U.S.C. §1452(a), Federal Rule of Bankruptcy Procedure 9027(a)(1) and Local Bankruptcy Rule 9027-2(A).

**I.   INTRODUCTION**

American Consumer Products Corporation, the Chapter 7 debtor in the above captioned bankruptcy case, commenced the Removed Case alleging causes of action in fourteen (14)

Counts of the Complaint over which this Court has jurisdiction pursuant to 28 U.S.C. § 1334(b), including the thirteen (13) Counts of the Complaint wherein the Debtor is one of several named plaintiffs, warranting removal of the Removed Case to this Court pursuant to 28 U.S.C. § 1452(a).

## II. BACKGROUND

1. On September 3, 2010 (the "**Petition Date**"), American Consumer Products Corporation filed a voluntary petition (the "**Petition**") under Chapter 11 of Title 11, United States Code (the "**Bankruptcy Case**").

2. On October 29, 2010, the Court entered an order converting the Bankruptcy Case to Chapter 7 of the Bankruptcy Code.

3. After the Petition Date, on October 1, 2010, the Debtor filed the Removed Case by filing a complaint with exhibits (the "**Complaint**") in the Circuit Court of Cook County, Illinois. A copy of the Complaint and all pleadings and orders received by SunTrust are attached hereto as Exhibit A and made a part hereof.

4. The Plaintiffs in the Removed Case are the Debtor, a Georgia corporation, Robin Zahran, the Debtor's shareholder and a resident of Illinois, and Karen Zahran, the spouse of the Debtor's shareholder and a resident of Illinois.

5. The Defendants in the Removed Case are SunTrust Bank, a Georgia corporation and J Barrington Vaught, a resident of the State of Georgia.

6. SunTrust made certain loans to the Debtor in 2005 and 2006 (the "SunTrust Loans"). In the course of a workout with respect to the SunTrust Loans, the Debtor, Robin Zahran and Karen Zahran entered into a Forbearance Agreement with SunTrust, originally dated May 21, 2007, and last amended October 5, 2009. In the Forbearance Agreement and each amendment thereof, the Debtor, as Borrower, and Robin Zahran and Karen Zahran, as

guarantors, each reaffirmed and ratified the loan documents and released SunTrust from any and all claims and causes of action, known or unknown, including but not limited to any claims or causes of arising under, or relating to, the SunTrust Loans.

7. In the Removed Case, the Debtor, Robin Zahran, and Karen Zahran, have now alleged causes of action arising under, or relating to, the SunTrust Loans. The Complaint states causes of action in separate Counts with respect to unspecified truth in lending laws, breach of oral agreement, breach of written contract, fraud in the inducement, common law fraud, conspiracy to commit fraud, breach of fiduciary duties, breach of constructive trust, lender liability claims, Illinois Consumer Fraud and Deceptive Practices Act claims, rescission, and civil conspiracy.

8. On October 12, 2010, SunTrust first received a copy of the Complaint and related pleadings.

### III. ENTITLEMENT TO REMOVAL

9. Section 1452(a) of Title 28, United States Code, provides for removal of civil actions filed in state court as follows:

> A party may remove any claim or cause of action in a civil action . . .
> to the district court for the district where such civil action is pending,
> if such district court has jurisdiction of such claim or cause of action
> under section 1334 of [title 28].

28 U.S.C. §1452(a).

10. The Debtor is a plaintiff in thirteen (13) of the fourteen (14) Counts of the Complaint. While not plead with specificity, the allegations in these Counts assert causes of action for breach of contract, fraud, rescission, lender liability and similar claims against SunTrust in connection with the SunTrust Loans based in part upon the exhibits attached as part of the Complaint. The Debtor is the sole borrower with respect to the SunTrust Loans. Robin

3

Zahran and Karen Zahran (the "**Zahrans**") are guarantors with respect to the SunTrust Loans. All actions alleged in the Complaint, except for the actions alleged in Count XIII of the Complaint, appear to constitute direct alleged causes of action of the Debtor, as the borrower under the SunTrust Loans.  Although the Zahrans are designated as plaintiffs in each of the Counts asserted by the Debtor, the allegations stated in the Complaint as to SunTrust are so ambiguous and vague that it is difficult to ascertain or determine if such causes of action can be asserted in the name of the Zahrans independent of the Debtor.  Upon information and belief, the Zahrans either have no rights or interests in the Counts asserted by the Debtor or any rights or interests of the Zahrans are merely derivative of the Debtor's alleged claims. Accordingly, SunTrust asserts that the Counts of the Complaint in which the Debtor is a plaintiff are property of the bankruptcy estate.  In the remaining Count of the Complaint, Count XIII, the Zahrans incorporate all of the Debtor's and the Zahrans' allegations in the Complaint and assert a claim for slander of title and interference with respect to a mortgage the Zahrans granted to SunTrust pursuant to the Forbearance Agreement, as amended, on property located in Wisconsin to secure the SunTrust Loans.  The resolution of Count XIII of the Complaint, in which only the Zahrans are named as plaintiffs, will impact the validity of this mortgage on the real property of the Zahrans securing the obligations of the Debtor and may impact the claims of SunTrust in the Bankruptcy Case and, ultimately, the prospects for distribution to the Debtor's creditors in the Bankruptcy Case.  Accordingly, this Court has jurisdiction over the claims and causes of action asserted in the Complaint pursuant to 28 U.S.C. §1334(b).

11.    The Removed Case is a civil action other than a proceeding before the Tax Court or a civil action by a governmental unit to enforce the government unit's police or regulatory power.

12. Counts III, IV and XII of the Complaint in the Removed Case constitute core proceedings pursuant to 28 U.S.C. §157(b)(2)(A)(B)(C)(K) and (O). Counts I, II, V, VI, VII, VIII, IX, X, XI, XIII and XIV of the Complaint in the Removed Case constitute "non-core" proceedings, each of which are "related to" a case under Title 11 in accordance with 28 U.S.C. §157(c). To the extent that it is determined that other counts in this Removed Case are not "core" proceedings, then such counts constitute actions "related to" a case under title 11 pursuant to 28 U.S.C. §157(c). All Counts of the Complaint, except for Count XIII, shall constitute core proceedings pursuant to 28 U.S.C. §157(b)(2)(A)(B)(C)(K) and (O) upon SunTrust's filing of its claim(s) in the Bankruptcy Case.

13. Venue is proper in this District under 28 U.S.C. §§1409 and 1452, since this District and Division embrace the place in which the Removed Case was commenced.

14. SunTrust Bank consents to the entry of a final judgment by the Bankruptcy Court in the Removed Case on all Counts I through XIV of the Complaint in accordance with 28 U.S.C. §157(c)(2) and (e) and Rule 9027(a)(1) of the Federal Rules of Bankruptcy Procedure.

15. This notice has been timely filed pursuant to Rule 9027(a)(3) of the Federal Rules of Bankruptcy Procedure in that it was filed within thirty (30) days after October 12, 2010, the date that SunTrust first received the Complaint.

16. A copy of this notice will be given promptly to all parties entitled thereto pursuant to Rule 9027(b) of the Federal Rules of Bankruptcy Procedure.

17. A copy of this notice shall be filed promptly with the Clerk of the Circuit Court of Cook County, Illinois, in accordance with Rule 9027(c) of the Federal Rules of Bankruptcy Procedure.

18. Within twenty (20) days of the filing of this notice, SunTrust shall file with the Clerk of this Court a copy of all records and proceedings conducted in the Removed Case in accordance with Local Bankruptcy Rule 9027-2(B).

Respectfully submitted,

SUNTRUST BANK,

By: /s/ Mark A. Carter
One of Its Attorneys

**Counsel to SunTrust Bank**

| | |
|---|---|
| David W. Cranshaw, Esq. | Chad H. Gettleman, Esq. (ARDC #944848) |
| MORRIS, MANNING & MARTIN, LLP | Mark A. Carter, Esq. (ARDC #06199602) |
| 1600 Atlanta Financial Center | ADELMAN & GETTLEMAN, LTD. |
| 3343 Peachtree Road, N.E. | 53 W Jackson Blvd., Suite 1050 |
| Atlanta, GA  30326 | Chicago, IL  60604 |
| (404) 233-7000 | (312) 435-1050 |