IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| AMERICAN CONSUMER | ) | CHAPTER 7 |
| PRODUCTS CORPORATION, | ) | |
| | ) | CASE NO. 10 - 39851 |
| | ) | |
| Debtor. | ) | Hon. Carol A. Doyle |
| | ) | |
| AMERICAN CONSUMER | ) | |
| PRODUCTS CORPORATION, | ) | |
| ROBIN ZAHRAN | ) | |
| and KAREN ZAHRAN | ) | |
| | ) | |
| Plaintiffs | ) | Adv. No. 10-02290 |
| | ) | |
| | ) | |
| SUNTRUST BANK and | ) | |
| J. BARRINGTON VAUGHT | ) | |
| | ) | |
| Defendants | ) | |

## NOTICE OF MOTION

TO:  Attached Service List

PLEASE TAKE NOTICE that on the 30th day of November, 2010 at the hour of 10:00 a.m., we shall appear before the Honorable Carol A. Doyle, United States Bankruptcy Judge for the Northern District of Illinois, or any Judge sitting in her place and stead, in courtroom 742 of the United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, and then and there present the SUNTRUST BANK'S MOTION TO DISMISS COMPLAINT (the "Motion"), a copy of which is attached hereto served upon you.

CHAD H. GENTLEMAN, ESQ. (ARDC #944848)
MARK A. CARTER, ESQ. (ARDC #06199602)
ADELMAN & GETTLEMAN, LTD.
53 West Jackson Boulevard, Suite 1050
Chicago, Illinois 60604
(312) 435-1050

DAVID W. CRANSHAW, ESQ.
MORRIS, MANNING & MARTIN, LLP
1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, Georgia  30326
(404) 233-7000

#89021 V1 - 11.17.10 NOM SUNTRUST ADVERSARY

## CERTIFICATE OF SERVICE

   I hereby certify that on November 17, 2010, I electronically filed the forgoing Notice of Motion with the Clerk of the Court and served the said Notice of Motion and document referred to therein upon the persons listed below by depositing same, postage pre-paid, in the U.S. Mail Depository at the U.S. Post Office, 211 South Clark Street, Chicago, IL 60604, this 17th day of November, 2010, and as additionally noted below.

             /s/ Mark A. Carter
             Mark A. Carter, Esq.

Richard C Friedman, Esq.
Office of the U.S. Trustee
219 South Dearborn Street, Room 873
Chicago, IL 60604

Harvey J. Waller, Esq.
Harvey Jack Waller & Associates
30 N Lasalle St., Ste 2040
Chicago, IL 60602

American Consumer Products Corporation
721 Acorn Hill Lane
Oak Brook, IL 60523-2706

Robin Zahran
721 Acorn Hill Lane
Oak Brook, IL 60523

Karen Zahran
721 Acorn Hill Lane
Oak Brook, IL 60523

Gina B. Krol, Esq.
Cohen & Krol
105 W. Madison St., Ste. 1100
Chicago, IL 60602

J. Barrington Vaught, Esq.
Carlock Copeland & Stair, LLP
2600 Marquis Two Tower
285 Peachtree Center Ave.
Atlanta, GA 30303

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| AMERICAN CONSUMER | ) | CHAPTER 7 |
| PRODUCTS CORPORATION, | ) | |
| | ) | CASE NO. 10-39851 |
| | ) | |
| Debtor. | ) | Hon. Carol A. Doyle |
| | ) | |
| AMERICAN CONSUMER | ) | |
| PRODUCTS CORPORATION, | ) | |
| ROBIN ZAHRAN | ) | |
| and KAREN ZAHRAN | ) | |
| | ) | |
| Plaintiffs | ) | Adv. No. 10-02290 |
| | ) | |
| | ) | |
| | ) | |
| SUNTRUST BANK and | ) | |
| J. BARRINGTON VAUGHT | ) | |
| | ) | |
| Defendants | ) | |

### SUNTRUST BANK'S MOTION TO DISMISS COMPLAINT

NOW COMES, SUNTRUST BANK, named defendant herein (the "**SunTrust**") by and through counsel, and for its Motion to Dismiss Complaint in the above captioned adversary proceeding (the "**Motion**") pursuant to Rule 7012(b)(6) of the Federal Rules of Bankruptcy Procedure, respectfully states as follows:

### I. PROCEDURAL BACKGROUND

1.     On September 3, 2010 (the "**Petition Date**"), American Consumer Products Corporation (the "**Debtor**") filed a voluntary petition (the "**Petition**") under Chapter 11 of Title 11, United States Code (the "**Bankruptcy Case**").

2.      On October 29, 2010, the Court entered an order converting the Bankruptcy Case to one under Chapter 7 of the Bankruptcy Code.

3.      After the Petition Date, on October 1, 2010, the Debtor, Robin Zahran and Karen Zahran (the "**Plaintiffs**") commenced the case captioned *American Consumer Products Corporation, et al. v. SunTrust Bank, et., al.*, as case number 2010 L 064012, in the Circuit Court of Cook County Illinois (the "**Removed Case**") by filing a complaint (the "**Complaint**") therein against SunTrust and J. Barrington Vaught, as defendants.

4.      On November 10, 2010, SunTrust filed a Notice of Removal in the Bankruptcy Case pursuant to 28 U.S.C. §1452(a) and Rule 9027 of the Federal Rules of Bankruptcy Procedure with respect to the Removed Case.

5.      For the reasons set forth below and in SunTrust Bank's Memorandum of Law in Support of Motion to Dismiss Complaint (the "**Memorandum**") filed simultaneously herewith, the Complaint should be dismissed.

## II. RELIEF REQUESTED

6.      Plaintiffs failed to allege any specific facts that would support the claims against SunTrust set forth in the Complaint. Despite a lengthy Complaint, Plaintiffs have alleged only unsupported conclusory allegations to support their claims against SunTrust. These formulaic recitations fall well short of what Plaintiffs are required to allege under applicable law in order to sustain their causes of action. *See*, Memorandum.

7.      Accordingly, the Complaint should be dismissed pursuant to Rule 7012(b)(6) of the Federal Rules of Bankruptcy Procedure.

8.      Moreover, the allegations made by Robin Zahran and Karen Zahran (the "**Zahrans**") in Counts I through XII and Count XIV of the Complaint, as "co-Plaintiffs" with the Debtor suggest that the claims alleged constitute property of the bankruptcy estate in the

2

Bankruptcy Case. Causes of action which constitute property of the bankruptcy estate are subject to the automatic stay under 11 U.S.C. §362 and may not be prosecuted by the Zahrans. *See*, Memorandum.

9. Accordingly, the claims contained in Counts I through XII and XIV of the Complaint for which the Zahrans are alleged to be plaintiffs with the Debtor should be dismissed. *See*, Memorandum.

10. Finally, all of the the claims asserted against SunTrust in the Complaint are barred and released by the "**Releases**" (as defined and described in the Memorandum). The instruments containing the Releases are attached to the Complaint as exhibits and constitute the allegations of the Complaint.

11. Accordingly, the claims alleged against SunTrust in the Complaint are not actionable under applicable law and should be dismissed. *See*, Memorandum.

**WHEREFORE,** SunTrust Bank, named defendant herein, prays for the entry of an order in the form attached hereto dismissing all claims contained in the Complaint against SunTrust Bank with prejudice.

    Respectfully submitted,
    SUNTRUST BANK,

    By: /s/ Mark A. Carter
        One of Its Attorneys

**Counsel to SunTrust Bank**
David W. Cranshaw, Esq.
Morris, Manning & Martin, LLP
3343 Peachtree Road, NE
1600 Atlanta Financial Center
Atlanta, Georgia  30326

Chad H. Gettleman, Esq. (ARDC #944848)
Mark A. Carter, Esq. (ARDC #06199602)
ADELMAN & GETTLEMAN, LTD.
53 W Jackson Blvd., Suite 1050
Chicago, IL  60604
(312) 435-1050

3

# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| AMERICAN CONSUMER PRODUCTS CORPORATION, | ) ) | CHAPTER 7 |
| | ) | CASE NO. 10 - 39851 |
| | ) | |
| Debtor. | ) | Hon. Carol A. Doyle |
| | ) | |
| AMERICAN CONSUMER PRODUCTS CORPORATION, ROBIN ZAHRAN and KAREN ZAHRAN | ) ) ) ) ) | |
| Plaintiffs | ) | Adv. No. 10-02290 |
| | ) | |
| SUNTRUST BANK and J. BARRINGTON VAUGHT | ) ) | |
| Defendants | ) | |

## SUNTRUST BANK'S MEMORANDUM OF LAW
## IN SUPPORT OF MOTION TO DISMISS COMPLAINT

Defendant SunTrust Bank ("SunTrust") submits this Memorandum of Law in support of its Motion to Dismiss (the "Memorandum"), and shows the Court as follows:

### I.    INTRODUCTION

SunTrust moves this Court pursuant to Fed. R. Civ. P. 12(b)(6), as made applicable by Fed. R. Bank. P. 7012(b), to dismiss Plaintiffs' claims against SunTrust because Plaintiffs fail to state a claim against SunTrust upon which relief can be granted.

First, while Plaintiffs allege general background facts in the Complaint, many of these facts do not relate to SunTrust. The claims alleged against SunTrust simply refer to the background facts

2890860 v01

and do not provide specific allegations or facts sufficient to state claims against SunTrust on which relief can be granted.

Second, in particular, the claims of Plaintiffs Robin Zahran and Karen Zahran (the "**Zahrans**") against SunTrust alleged in Counts I through XII and Count XIV of the Complaint (the "**Debtor Counts**") should be dismissed because the Zahrans fail to state a claim against SunTrust in the Debtor Counts upon which relief can be granted. Each of the Debtor Counts relate to the SunTrust Loans (as defined herein) made by SunTrust to the Debtor and the subsequent extended workout efforts between SunTrust and the Debtor with respect to the SunTrust Loans. On the face of the general allegations of the Complaint, the claims asserted in the Debtor Counts are causes of action which belong to the Debtor, not the Zahrans, and constitute property of the estate. In filing this lawsuit and asserting that they are co-plaintiffs with the Debtor in the Debtor Counts, the Zahrans have violated the automatic stay of 11 U.S.C. 362(a)(3) by seeking to assert possession of, and exercise control over, property of the estate. The Zahrans fail to set forth any allegations in the Complaint to suggest that they have independent standing to assert, or have any interest in, the Debtor Counts. Since any action in violation of the automatic stay is void as a matter of law, the claims of the Zahrans in the Debtor Counts against SunTrust must be dismissed with prejudice.

Third, the claims of Plaintiffs must be dismissed because such claims are barred by the releases contained in the "**Forbearance Agreement**" (as defined herein) and the "**Forbearance Amendments**" (as defined herein) which are attached as exhibits to the Complaint.

## II.    SUMMARY OF CAUSES OF ACTION STATED IN COMPLAINT

After approximately twenty-six (26) pages of "Background Facts Common to All Counts", Plaintiffs' Complaint sets forth fourteen (14) separate counts as follows:

- Count I - Violations of Truth in Lending by SunTrust;
- Count II - Breach of Contract Action Against SunTrust Bank;

- Count III - Breach of Contract Action Against SunTrust Bank;

- Count IV - Fraud in the Inducement to Enter Into Finance Agreements with SunTrust;

- Count V - Common Law Fraud of SunTrust Bank;

- Count VI - Common Law Fraud (J. Barrington Vaught);

- Count VII - Conspiracy to Commit Fraud by SunTrust and Barry Vaught;

- Count VIII - Violation of the IL Consumer Fraud and Deceptive Practices Act 815 IL CS Sec. 505 Against Both Defendants;

- Count IX - Violation of SunTrust and Vaught of Their Fiduciary Duties to Zahrans and ACPC;

- Count X - Breach of Constructive Trust by SunTrust and Vaught;

- Count XI - Lenders Liability Against SunTrust;

- Count XII - Rescission of the Finance Agreements with SunTrust;

- Count XIII - Slander on Title and Interference with in Prudential Mortgage on Plaintiffs, Karen and Robin Zahran's Farm; and

- Count XIV - Civil Conspiracy Against Vaught and SunTrust.

### III.  ALLEGATIONS OF THE COMPLAINT

SunTrust denies most of the allegations contained in the Complaint insofar as they relate to SunTrust. In fact many of the allegations do not relate to SunTrust at all. There are, however, certain basic facts which are either referred to in the Complaint or evidenced by Exhibits to the Complaint.

In 2005, Robin Zahran had dealings with the Columbus Economic Development Authority ("CEDC") and the Columbus Development Authority ("CDA") regarding mutual efforts to purchase certain real and personal property located in Georgia and Alabama from the bankruptcy estates of USA Labs, Inc. and Cosmyl, Inc. (the "Florida Bankruptcy Cases"), which cases were pending in the United States Bankruptcy Court of the Southern District of Florida. Pursuant to a bidding agreement

with R. Zahran, the Columbus Economic Development Authority ("CEDC") purchased these assets from the Florida Bankruptcy Cases at auction. (Compl. ¶¶ 5-69) Subsequent to the auction, the Trustee alleged that the CEDC and R. Zahran had engaged in collusive bidding and these allegations resulted in extensive litigation among those parties. (Compl. ¶¶ 62, 89).

R. Zahran organized the Debtor in 2005 as the entity through which certain assets from the Florida Bankruptcy Cases and certain real estate located in Columbus, Georgia ("the "Georgia Property") were acquired from the CEDC. (Compl. ¶¶ 74, 75) SunTrust financed the purchase of these assets and provided operating capital through certain loans to the Debtor. The first loan from SunTrust to the Debtor was made and evidenced by a note dated November 8, 2005 in the amount of $3,250,000 (Compl. ¶ 78), the second loan from SunTrust to the Debtor was made and evidenced by a note dated December 7, 2005 (Compl. ¶ 80), and the third loan from SunTrust to the Debtor was made and evidenced by a note dated February 23, 2006 (Compl. ¶ 85) (collectively, the "SunTrust Loans")(Exh. 8 to the Compl). In order to secure the SunTrust Loans, the Debtor executed Mortgages and/or Deeds to Secure Debt in favor of SunTrust with respect to real and personal property located in Alabama and Georgia, including the Georgia Property. (Compl. ¶¶ 78, 80) Robin Zahran and Karen Zahran each executed a Guaranty Agreement in favor of SunTrust (Compl. ¶¶ 84) (collectively, these notes, mortgages, deeds to secure debt and guaranty agreements are hereinafter referred to as the "Loan Documents").

The SunTrust Loans matured on May 8, 2006 (Exh. 8 to the Compl.). On or about May 21, 2007, the Plaintiffs and SunTrust entered into a Forbearance Agreement (the "Forbearance Agreement") (Comp. ¶ 93; Exh. 10 to the Comp.). As a result of repeated defaults by the Debtor and continued negotiations with SunTrust, the Forbearance Agreement was amended on December 31, 2007 by the First Amendment to Forbearance Agreement (Comp. ¶ 97; Exh. 11 to the Compl.), on

December 1, 2008 by the Second Amendment to Forbearance Agreement (Comp. ¶ 99; Page 10 of Exh. 11 to the Compl.), and on October 5, 2009 by the Third Amendment to Forbearance Agreement (Comp. ¶ 100; Page 23 of Exh. 13 to the Compl.[1]) (collectively, the three amendments to the Forbearance Agreement are hereinafter referred to as the "Forbearance Amendments"). In the Forbearance Agreement and in each of the three Forbearance Amendments, the Debtor and the Guarantors ratified and reaffirmed the Loan Documents and provided a full release in favor of SunTrust. In addition, the Forbearance Agreement contains a provision stating that the Forbearance Agreement and the Loan Documents constitute the entire understanding of the parties and that the Forbearance Agreement can only be amended by an agreement in writing signed by all parties. (¶ 19 of Exh. A to the Memorandum) The forbearance period terminated December 31, 2009 (Page 23 of Exh. 13 to the Compl.; paragraph 1 of Exh. A to this Memorandum). SunTrust made demand upon the Debtor on July 2, 2010 for payment of the SunTrust Loans (Page 24 of Exh. 13 to the Compl.) and scheduled a foreclosure sale for September 7, 2010 with respect to the Georgia Property and certain personal property owned by the Debtor (Page 31 of Exh. 13 to the Compl.). The Debtor filed a Chapter 11 bankruptcy petition on September 3, 2010 to stay the scheduled foreclosure.

### IV.     ARGUMENT

**A.     Applicable Standards Under Fed. R. Civ. P. 12(b)(6) and Bankruptcy Rule 7012(b).**

"A motion to dismiss under Rule 12(b)(6) Fed. R. Civ. P., made applicable by Rule 7012(b) Fed. R. Bankr. P., tests the sufficiency of a complaint rather than the merits of the case." New Century Bank, N.A. v. Carmell (In re Carmell), 424 B.R. 401, 410 (Bankr. N.D. Ill. 2010)(quoting Gibson v. City of Chi., 910 F.2d 1510, 1520 (7th Cir. 1990). "All **well-pleaded** allegations of the

---

[1] Plaintiffs attached copies of the Forbearance Agreement, the First Amendment to Forbearance Agreement and the Second Amendment to Forbearance Agreement as Exhibits 10 and 11 to the Complaint. Plaintiffs state in paragraph 100 of the Complaint that the Third Amendment to Forbearance Agreement is attached to the Complaint as Exhibit 12. It is not attached to the Complaint as Exhibit 12. Rather, the first page of the Third Amendment to Forbearance Agreement is attached to the Complaint as page 23 of Exhibit 13.

complaint are assumed true and read in the light most favorable to the plaintiff." Carmell, 424 B.R. 401, 410 (quoting Levy v. Pappas, 510 F.3d 755, 764 (7th Cir. 2007)(emphasis added). "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint (even if doubtful in fact) . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal citations and quotations omitted). If the plaintiffs have "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. at 570.

As the U.S. Supreme Court recently explained in Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009), "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 1949. The standard now demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 1949-50 (quoting Twombly, 550 U.S. at 556). Likewise, a complaint that simply tenders "naked assertions devoid of further factual enhancement" is subject to dismissal for failure to state a claim. Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557).

Fed. R. Civ. P. 8(a)(2), made applicable by Fed. R. Bankr. P. 7008, requires that a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The Seventh Circuit has held that a complaint should be dismissed if "the factual detail ... [is] so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." Carmell, 424 B.R. 401, 411 (quoting St. John's United Church

of Christ v. City of Chi., 502 F.3d 616, 625 (7th Cir. 2007)(quoting <u>Airborne Beepers & Video, Inc. v. AT & T Mobility LLC</u>, 499 F.3d 663, 667 (7th Cir. 2007).

Additionally, "[a]llegations of fraud must properly be pleaded in some detail by conformance to Rule 9(b) Fed. R. Civ. P., made applicable by Rule 7009 Fed. R. Bankr. P." <u>Carmell</u>, 424 B.R. 401, 412 (citing <u>Borsellino v. Goldman Sachs Group, Inc.</u>, 477 F.3d 502, 507 (7th Cir. 2007). "The circumstances of fraud or mistake include the identity of the person who made the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff." <u>Carmell</u>, 424 B.R. 401, 412 (quoting <u>Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.</u>, 536 F.3d 663, 668 (7th Cir. 2008)(quotation omitted). "Allegations based on "information and belief" do not comply with specificity requirement unless accompanied by pleadings of asserted facts providing the basis of the relief." <u>Carmell</u>, 424 B.R. 401, 412 (citing <u>Interlease Aviation Investors II (Aloha) L.L.C. v. Vanguard Airlines, Inc.</u>, 254 F.Supp.2d 1028, 1040 (N.D. Ill. 2003).

**B.     The Complaint Fails to Allege Sufficient Facts to State a Claim on behalf of the Plaintiffs and, in particular, on behalf of the Zahrans with respect to the Debtor Counts, Warranting Dismissal of such Claims under Applicable Law.**

First, the Plaintiffs' allegations in the Complaint generally fail to meet the standards set forth above. The Plaintiffs generically name causes of action such as lender liability, fraud, and conspiracy without alleging facts sufficient to connect the dots and set forth a short and plain statement of the claim showing that Plaintiffs are entitled to relief. Plaintiffs have an obligation to plead their causes of action in sufficient detail and clarity to demonstrate grounds for relief. The Plaintiffs cannot rely on "labels and conclusions, and a formulaic recitation of the elements of a cause of action". The factual allegations must be sufficient to raise a right to relief above the speculative level. Plaintiffs have failed to do so in the Complaint as filed. As a consequence, the Complaint should be dismissed.

Second, in particular, the Zahrans have failed to plead allegations to support that they have standing to assert, or an interest in, the Debtor Counts. The Debtor was the sole Borrower with respect to the SunTrust Loans. The Debtor Counts are causes of action that, if actionable, belong to the Debtor, not the Zahrans, and are property of the estate. For example, Count I asserts a claim under unspecified Truth in Lending laws. Counts II and III assert claims for breach of contract, written and oral, presumably relating to the SunTrust Loans. Count IV asserts a claim for fraudulent inducement, presumably with respect to the SunTrust Loans. Counts V, VI and VII assert claims for fraud or conspiracy to commit fraud, presumably with respect to the SunTrust Loans. Count VIII asserts a claim with respect to the Illinois Consumer Fraud and Deceptive Practices Act. Count IX asserts a claim for breach of an unspecified fiduciary duty. Counts XI and XII assert claims for lender liability and rescission of financing agreements, presumably with respect to the SunTrust Loans. Counts X and Count XIV assert vague claims, without any detailed allegations, for breach of constructive trust and civil conspiracy. The Zahrans have not alleged facts to support their standing to assert an interest in the Debtor Counts. Generally under Georgia law, an action on a contract, or tort actions arising out of contracts shall be brought in the name of the party to the contract, who has standing or privity to assert such claims. O.C.G.A. Section 9-2-20(a). Decatur North Associates, Ltd. v. Builders Glass, Inc., 180 Ga. App. 862 (350 S.E.2d 795) (1986); Scott v. Cushman & Wakefield of Georgia, Inc., 249 Ga. App. 264 (547 S.E.2d 794) (2001). The Debtor is the borrower with respect to the SunTrust loans. All of the Debtor Counts invariably relate to the SunTrust Loans and alleged damages arising to the Debtor. The allegations in the Complaint confirm that the Zahrans are merely guarantors with contingent liability to SunTrust for the obligations of the Debtor to SunTrust under the SunTrust Loans. . The Debtor Counts are property of the estate and can only be asserted by and in the name of the Debtor. Since the conversion of the case and the appointment

of the Trustee, the Trustee is the only party that can assert the Debtor Counts. In re Perkins, 902 F.2d 1254 (7th Cir. 1990); Mitchell Excavators, Inc. v. Mitchell, 734 F.2d 129 (2d Cir. 1984).

"Section 704(1) authorizes and obligates the trustee to collect and reduce to money the property of the estate for which such trustee serves. 11 U.S.C. § 704(1). See also 11 U.S.C. 323 (the trustee is the representative of the estate and has the capacity to sue and be sued). The authority to collect the debtor's assets is vested exclusively in the trustee." In re Perkins, 902 F.2d 1254, 1257(citing Koch Refining v. Farmers Union Central Exchange, Inc., 831 F.2d 1339, 1342 (7th Cir. 1987)(additional citations omitted). If a third person tries to assert an action vested in the bankruptcy trustee, the court should dismiss the action. In re Perkins, 902 F.2d 1254, 1258 (citing Pierson v. Gaylan v. Creek & Atwood (In re Consolidated Bancshares, Inc.), 785 F.2d 1249, 1253-54 (5th Cir. 1986)(additional citation omitted). Also see Mitchell Excavators, 734 F.2d 129(holding that dismissal of derivative action brought on behalf of corporation in bankruptcy was proper because the action was enforceable only by the trustee and the shareholder no longer had right under state law to bring such action).

The action of the Zahrans in filing the Complaint asserting an interest in the Debtor Counts is a violation of the automatic stay in that the Zahrans are attempting to appropriate and exercise control over assets of the estate. Actions taken in violation of the stay are void. Kalb v. Fuerstein, 308 U.S. 433, 60 S. Ct. 343 (1940); In re J.S., II, L.L.C., 427 B.R. 673 (Bankr. N.D. Ill. 2010). Since the Zahrans have failed to plead specific allegations or facts sufficient to support standing independent of the Debtor to assert the Debtor Counts, the joinder of the Zahrans as plaintiffs in the Debtor Counts do not satisfy the pleading standards and the claims of the Zahrans under the Debtor Counts must be dismissed with prejudice.

Case 10-02290    Doc 8    Filed 11/17/10    Entered 11/17/10 17:12:10    Desc Main
              Document      Page 16 of 17

**C.    The Releases in the Forbearance Agreement and Each of the Forbearance Amendments Bar Plaintiffs' Claims Against SunTrust Pursuant to Georgia Law.**

The Forbearance Agreement and each of the Forbearance Amendments are governed by Georgia law pursuant to their terms. It is well settled in Georgia that an agreement to release claims is fully enforceable in a subsequent suit provided that the release, as is the case here, covers the claims at issue. As the Eleventh Circuit Court of Appeals has noted, when a release in a contract is plain and unambiguous, a court will enforce such release at the motion to dismiss stage. See Kobatake, et. al. v. E.I. Dupont De NeMours and Company, 162 F.3d 619, 624 (11th Cir. 1998).

The claims that Plaintiffs seek to bring in the Complaint against SunTrust are barred by the release provision contained in the Forbearance Agreement and each of the Forbearance Amendments (the "Releases"). Each of the Releases states as follows:

> "Borrower and the Guarantors (the "Releasing Parties") each hereby release, acquit and forever discharge Bank, and Bank's officers, directors, agents, employees, successors and assigns (the "Released Parties") from all liabilities, claims, demands, actions or causes of action of any kind (if any there be), whether absolute or contingent, due or to become due, disputed or undisputed, liquidated or unliquidated, at law or in equity, or known or unknown, that the Releasing Parties now have or ever have had against the Released Parties, whether arising under or in connection with any of the Loan Documents or otherwise. This release is not intended to release, and shall not be construed to release, the Columbus Economic Development Corp., the Columbus Development Authority, Hatcher, Stubbs, Land, Harris & Rothschild, LLP (the "Firm"), J. Barrington Vaught or members of the Firm."

The Forbearance Agreement and each of the Forbearance Amendments evidence that the Debtor and Guarantors elected to try and work out their obligations with SunTrust with respect to the SunTrust Loans rather than litigate potential claims against SunTrust or reserve an opportunity to do so.

The Georgia Court of Appeals has made it clear that it will uphold releases given in forbearance agreements to a lender. See e.g. Suwanee Swifty Stores Inc. v. Nationsbank, N.A., 245 Ga. App. 198, 536 S.E.2d 299 (2000); Transamerica Consumer Receivable Funding v. Warhawk

Invs., 842 F. Supp. 536 (M.D. Ga. 1994). The language of the Releases is broad and comprehensive. All of the claims set forth by the Plaintiffs in the Complaint against SunTrust are alleged to arise from incidents occurring before October 5, 2009, the date of the last Release given by the Plaintiffs in favor of SunTrust pursuant to the terms of the Third Amendment to Forbearance Agreement. Accordingly, this Court should dismiss all claims against SunTrust with prejudice.

## V.    CONCLUSION

For these reasons, SunTrust asks this Court to dismiss Plaintiffs' claims against SunTrust with prejudice.

This 17th day of November, 2010.

Respectfully submitted,

SUNTRUST BANK,

By: /s/ Mark A. Carter
One of Its Attorneys

**Counsel to SunTrust Bank**

David W. Cranshaw, Esq.
Morris, Manning & Martin, LLP
3343 Peachtree Road, NE
1600 Atlanta Financial Center
Atlanta, Georgia  30326

Chad H. Gettleman, Esq. (ARDC #944848)
Mark A. Carter, Esq. (ARDC #06199602)
ADELMAN & GETTLEMAN, LTD.
53 W Jackson Blvd., Suite 1050
Chicago, IL  60604
(312) 435-1050